**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **DEMATIC CORP.,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **No. 3:25-CV-00431-LS** |
| | § | |
| **HELEN OF TROY L.P., STEEL TECHNOLOGY, L.L.C., TRAVELERS CASUALTY & SURETY COMPANY,** | § | |
| | § | |
| | § | |
| | § | |
| ***Defendants.*** | § | |

**ORDER DENYING PLAINTIFF'S MOTION TO TRANSFER VENUE**

Plaintiff Dematic Corp., sues Defendants Helen of Troy, L.P., Steel Technology, L.L.C., and Travelers Casualty & Surety Company for failing to pay for logistical systems Dematic built in Defendants' Tennessee distribution center. Helen of Troy and Steel Technology countersue Dematic for inadequate performance of the same contract. The Court denies Plaintiff's motion to return this case to the Western District of Tennessee.

## I. LEGAL STANDARD.

Venue is proper in any judicial district in which one defendant resides, as long as every defendant resides in the same state, or in a "district in which a substantial part of the events or omissions giving rise to the claim occurred."[1] A defendant business generally resides in any district in which they are subject to the state's personal jurisdiction,[2] but in a state with multiple judicial districts a corporation resides only in those districts "within which [their] contacts would be sufficient to subject [them] to personal jurisdiction if that district were a separate State."[3]

---

[1] 28 U.S.C. § 1391(b).
[2] *Id.* § 1391(c)(2).
[3] *Id.* § 1391(d).

Transfer from one proper venue to another is warranted if the movant "'clearly establishes good cause' by 'clearly demonstrating that a transfer is for the convenience of parties and witnesses, in the interest of justice.'"[4] Good cause exists only if the transferee venue is "clearly more convenient," and the movant alone bears the burden to "adduce evidence and arguments" for good cause to transfer.[5] The marginal gain to convenience must be significant, and it must be "plainly obvious . . . that those marginal gains will *actually* materialize in the transferee venue."[6]

Whether the movant has carried its burden is based on several public and private interest factors. There are four private interest factors: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."[7] The four public interest factors are:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.[8]

No single factor is dispositive,[9] nor are these eight factors "exhaustive or exclusive."[10]

---

[4] *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024) (quoting *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022)).

[5] *Id.*; *see also In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("[W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected.").

[6] *See In re Clarke*, 94 F.4th at 508 (emphasis in original) (citing *Def. Distributed*, 30 F.4th at 433 ("[T]he fact that litigating would be more convenient for the defendant elsewhere is not enough to justify transfer. In other words, the standard is not met by showing one forum is more likely than not to be more convenient . . . .")).

[7] *In re Volkswagen*, 545 F.3d at 315 (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)).

[8] *Id.* (brackets omitted).

[9] *Id.* (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

[10] *Id.*

## II. ANALYSIS.

Dematic moves to transfer because this Court dismissed a companion case, *Helen of Troy v. Dematic Corp.*,[11] for improper venue. The Court found in that case that the substantial acts or omissions giving rise to it occurred only in Tennessee. The Court also found that Dematic does not reside in this district because there would be no personal jurisdiction over it were the district its own state. Dematic also seeks transfer to the Western District of Tennessee for the convenience of the parties and witnesses.

### *A. Improper Venue.*

Dematic is correct that the Western District of Tennessee relied on the first-to-file rule when it decided to transfer this action here[12] and that this Court need not defer to a transfer order based on reasoning that no longer applies.[13] However, Dematic's argument that venue is improper in the Western District of Texas is wrong. The Court found in the dismissed companion case that venue based on acts or omissions was proper only in Tennessee, and that the defendant in the prior case, Dematic, lacked sufficient contacts with this district to generate venue residency here. But the parties are flipped in this case, and the relevant contacts are now those of Helen of Troy, Steel Technology, and Travelers. Steel Technology and Helen of Troy are headquartered here,[14] and the Western District of Tennessee already determined that "Helen of Troy has met its burden to show

---

[11] No. 3:25-cv-00111 (W.D. Tex. June 9, 2026).

[12] *See* ECF No. 77 at 10 ("Because another case involving similar parties and issues was filed first elsewhere, the Court **GRANTS** Helen of Troy's Amended Motions to Transfer Venue . . . .").

[13] *See In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983) ("It does not follow, however, that a transferee court is powerless to act where the original purposes of the transfer have been frustrated by an unforeseen later event. When such unanticipatable post-transfer events frustrate the original purpose for transfer, a return of the case to the original transferor court does not foul the rule of the case nor place the transferee court in a position of reviewing the decision of its sister court. It, instead, represents a considered decision that the case *then* is better tried in the original forum for reasons which became known after the original transfer order." (emphasis in original) (citations omitted)).

[14] *See* ECF No. 93, Exhibit B at 2.

that, for purposes of venue, Travelers is a Texas resident" because it "established 'minimum business contacts,' giving a Texas court personal jurisdiction over it."[15] The Tennessee court concluded that "venue in the Western District of Texas is proper, and Dematic could have originally filed its complaint in [this] court."[16] The parties' alignment in this case distinguishes it from the dismissed companion case. Venue is proper here.

***B. Convenience to Parties and Witnesses.***

Although venue is proper here, transfer may nevertheless be warranted if Dematic establishes that the Western District of Tennessee is clearly more convenient. Defendants filed two transfer motions in the Tennessee court, one based on the first-to-file rule and the other based on convenience to the parties and witnesses under 28 U.S.C. § 1404(a). Defendants correctly note that the Tennessee court granted the motions together,[17] but it is clear from its order that the court refrained from analyzing which district would be more convenient to the parties and witnesses.[18] Defendants argue that Dematic waited too long to seek transfer under § 1404(a) because it filed its transfer motion nine months after the Tennessee court sent the case here. But the Tennessee court emphasized the first-to-file rule over the convenience arguments, and the first-to-file rule remained the law of the case until this Court dismissed the companion case on June 9, 2026. As Dematic filed its transfer motion only thirteen days later, this Court will analyze the convenience arguments the parties made in both courts.

---

[15] ECF No. 77 at 8.
[16] *Id.*
[17] *Id.* at 1 ("For the reasons stated below, the motions are **GRANTED**.").
[18] *Id.* at 6 ("Although the Court is not required to consider the parties' convenience when applying the first-to-file rule, nevertheless, in the interest of justice, it considers below the threshold issues of whether the Western District of Texas has both subject-matter jurisdiction and personal jurisdiction over the case, and whether venue is proper there . . . ." (citation omitted)); *see also id.* at 10 ("Because another case involving similar parties and issues was filed first elsewhere, the Court **GRANTS** Helen of Troy's Amended Motions to Transfer Venue . . . .").

**1. Private Interest Factors.**

*i. Sources of Proof.*

The Court considers where the parties store relevant documentary and physical evidence.[19] Access to sources of proof is more important when physical evidence is at issue because electronic documents are equally accessible in either forum.[20] Dematic argues this factor supports transfer because the warehouse project is in Tennessee.[21] This case is primarily concerned with contracts, warranties, and payments, however, so most evidence will likely be documentary. Moreover, no party resides in Tennessee so all parties would need to travel there to access or analyze physical evidence at the Tennessee warehouse. Accordingly, this factor is neutral.

*ii. Compulsory Process.*

A court may compel third-party witnesses to appear at trial only if the court sits "within 100 miles of where the person resides, is employed, or regularly transacts business in person" or "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense."[22] Absent an indication a third-party will willingly attend trial, the Court presumes the witness is unwilling,[23] but "the availability of compulsory process 'receives less weight when it has not been alleged or shown that any witness would be unwilling to testify.'"[24] No party suggests that any witnesses

---

[19] *See S.M.R. Innovations LTD v. Apple Inc.*, 756 F. Supp. 3d 453, 462 (W.D. Tex. 2024) (quoting *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019)).
[20] *Id.* (citing *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022)).
[21] ECF No. 60 at 14.
[22] Fed. R. Civ. P. 45(c)(1)(A)–(B)(ii).
[23] *See WirelessWerx IP, LLC v. Google, LLC*, No. 6:22-cv-1056, 2023 WL 11921792, at *3 (W.D. Tex. Apr. 14, 2023) (quoting *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018)).
[24] *In re Planned Parenthood*, 52 F.4th at 630–31 (quoting *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 499 (6th Cir. 2016)).

would be unwilling to testify or questions the availability of compulsory process, so this factor is neutral.

*iii. Cost and Convenience to Witnesses.*

The convenience for and cost to witnesses is likely the most important factor in the transfer analysis.[25] "When the distance between an existing venue . . . and a proposed venue . . . is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."[26] In comparing distances a witness would need to travel, "time is a more important metric than distance" itself.[27] Still, "when willing witnesses will have to travel a significant distance to either forum, the slight inconvenience of one forum in comparison to the other should not weigh heavily on the outcome of this factor."[28]

Dematic identifies ten witnesses residing in Michigan, four in Georgia, one in Plano, Texas, one in Indiana, and one in Quebec.[29] These witnesses will have to travel to either forum, but the forums are nearly equidistant for the Plano and Georgia residents,[30] the round trip to Tennessee is marginally quicker and cheaper for the Michigan residents,[31] and the parties do not offer evidence about travel from Indiana, although it likely mirrors travel from Michigan. Defendants identify three witnesses, all of whom reside in El Paso and would not need to travel if the case remains here.[32] Defendants also refer to groups of witnesses in Indiana and Tennessee.[33] On balance, travel

[25] *See In re Genetech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp 2d 325, 329 (E.D.N.Y. 2006)).
[26] *In re Volkswagen AG*, 371 F.3d at 204–05.
[27] *In re Google LLC*, No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021).
[28] *See S.M.R. Innovations LTD*, 756 F. Supp. 3d at 461 (citing *In re Apple Inc.*, 979 F.3d 1332, 1342 (Fed. Cir. 2020)).
[29] ECF No. 60 at 10.
[30] *See* ECF No. 50-4 at 3. *Compare* ECF No. 50-4 at 9 *with* ECF No. 60-13 at 30–32.
[31] *See* ECF No. 50-4 at 10–16.
[32] *See* ECF No. 46 at 14–15.
[33] *Id.*

to Tennessee might be slightly more convenient for some witnesses, but most witnesses will need to travel to either forum and any convenience gain from transfer would be slight. Again, this factor is neutral.

*iv. Other Practical Problems.*

Courts may consider any "other practical problems that make trial of a case easy, expeditious and inexpensive,"[34] particularly whether "duplicative suits involving the same or similar issues"[35] exist before the same court. The parties identify no other practical problems, but this Court's familiarity with and dismissal of the companion case favors retention in this district.

**2. Public Interest Factors**.

*i. Court Congestion.*

A district's relative docket efficiency "normally weighs against transfer when the 'case appears to be timely proceeding to trial before the' transfer[or] district."[36] District courts are best suited to evaluate their own docket efficiency, "[b]ut that structural advantage disappears when it comes to estimating congestion in the transferee venue."[37] The parties contrast caseloads and the number of judges in each district, but they agree that the Western District of Texas resolves cases one-to-two months faster than the Western District of Tennessee.[38] The Court also finds that the case is proceeding steadily to trial in this venue. This factor therefore weighs against transfer. But, because comparing court congestion is speculative, its influence on the transfer analysis is weak.[39]

---

[34] *In re Volkswagen of Am., Inc.*, 545 F.3d at 315.
[35] *PersonalWeb Techs., LLC v. NEC Corp. of Am.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013) (citing *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009)).
[36] *In re TikTok, Inc.*, 85 F.4th 352, 363 (5th Cir. 2023) (quoting *In re Planned Parenthood*, 52 F.4th at 631).
[37] *In re Clarke*, 94 F.4th at 515.
[38] *See* ECF No. 46 at 18; *see also* ECF No. 60 at 16.
[39] *See In re Clarke*, 94 F.4th at 515; *see also In re Morgan Stanley*, 417 F. App'x 947, 950 (Fed. Cir. 2011).

*ii. Localized Interests.*

A forum has a local interest in a case when there is "a relevant factual connection between the events and the venue."[40] A party's "general contacts with the forum that are untethered to the lawsuit" do not weigh heavily for that forum.[41] As a public interest factor, "the local-interest inquiry is concerned with the interest of *non-party citizens*,"[42] not just the forums where parties reside. Tennessee has a connection to the case because of the distribution center and Tennesseans have an interest in a project in their state. Even so, the dispute about whether Dematic's systems satisfied Defendants' expectations is realistically of interest to the parties alone, not non-parties. Moreover, El Pasoans have some interest in major businesses headquartered in their community. The Court deems this factor neutral.

*iii. Forum Law.*

Michigan law may govern this case, but Dematic argues that a Tennessee statute nullifies any choice of law provision for contracts concerning the improvement of real property. This Court notes that the Western District of Tennessee has already found that "[t]he predominant purpose of this contract appears to be for the sale of goods, not 'for the improvement of real property."[43] As neither district would be more familiar with Michigan law than the other, and as this Court is capable of applying Tennessee law should the need arise, this factor is neutral.

*iv. Conflict of Laws.*

---

[40] *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-cv-4387, 2015 WL 13870507, at *4 (N.D. Tex. July 23, 2015).

[41] *In re Apple Inc.*, 979 F.3d at 1345.

[42] *In re Clarke*, 94 F.4th at 511 (emphasis in original).

[43] ECF No. 77 at 6–7.

No party raises a conflict of laws issue aside from Dematic's argument concerning the Tennessee statute's potential effect on the contract's choice of law provision. This factor is also neutral.

### 3. Summary of the Factors.

The convenience factors are either neutral or slightly favor retention in this district. Accordingly, Dematic has not met its burden to show that the Western District of Tennessee is "clearly more convenient," that any marginal gains to convenience are substantial, or that it is plainly obvious that marginal gains to convenience will materialize in the Western District of Tennessee. Finally, retaining the case here instead of transferring it back to Tennessee would avoid "the additional potential mischief of tossing cases back and forth to the detriment of an adjudication of the underlying merits"[44] and would avoid any further complications in this litigation. For these reasons, transfer is inappropriate.

### *C. Sanctions.*

Dematic moves for sanctions against Defendants for opposing transfer after this Court dismissed the companion case, but as explained above, the parties' realignment distinguishes this case from the dismissed case. The Court discerns no sanctionable conduct.

## III. CONCLUSION.

The Court **DENIES** Plaintiff Dematic Corp.'s motion to transfer venue [ECF No. 91].

**SO ORDERED**.

**SIGNED** and **ENTERED** on August 18, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[44] *In re Cragar Indus.*, 706 F.2d at 505.