**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **DEMATIC CORP.,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **No. 3:25-CV-00431-LS** |
| | § | |
| **HELEN OF TROY L.P., STEEL TECHNOLOGY, L.L.C., TRAVELERS CASUALTY & SURETY COMPANY,** | § | |
| | § | |
| | § | |
| | § | |
| ***Defendants*.** | § | |

**ORDER DENYING DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**

Plaintiff Dematic Corp., sues Defendants Helen of Troy, L.P., Steel Technology, L.L.C., and Travelers Casualty & Surety Company for failing to pay for logistical systems Dematic built in Defendants' Tennessee distribution center. Helen of Troy and Steel Technology countersue Dematic for inadequate performance of the same contract. The Court grants in part and denies in part Defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim.

## I. LEGAL STANDARD.

A party may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which a court can grant relief. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[1] "A claim has facial plausibility when the plaintiff pleads

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A complaint must support legal conclusions with factual allegations.[3]

The Court takes all factual allegations as true and construes them in the light most favorable to the plaintiff.[4] Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[5] "'[N]aked assertions' devoid of 'further factual enhancement'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the presumption of truth.[6] A Rule 12(b)(6) motion to dismiss for failure to state a claim "is viewed with disfavor and is rarely granted."[7]

## II. ANALYSIS.

### *A. Compulsory Counterclaims.*

Defendants argue Dematic's claims in this case were compulsory counterclaims in the earlier filed *Helen of Troy, L.P. v. Dematic Corp.*,[8] but a party need not assert counterclaims if it successfully moves for dismissal under Rule 12(b) before answering.[9] The Court dismissed the

---

[2] *Id.*
[3] *Id.* at 679; *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).
[4] *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007); *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).
[5] *Twombly*, 550 U.S. at 555.
[6] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (holding the Court should not "strain to find inferences favorable to the plaintiffs" or credit "conclusory allegations, unwarranted deductions, or legal conclusions").
[7] *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).
[8] No. 3:25-cv-00111 (W.D. Tex. June 9, 2026).
[9] *See Lawhorn v. Atl. Refin. Co.*, 299 F.2d 353, 357 (5th Cir. 1962) ("[I]n this case the motion was granted, which amounted to a judicial declaration that [the plaintiff] had no claim. The failure of [the defendant] to file its 'counterclaim' at the time of its motion to dismiss did not then precipitate the coercive sanctions of Rule 13(a) since Rule 12(a) authorizes the postponement of all 'responsive' pleadings. . . . If one hauled into Court as a defendant has a claim but the adversary plaintiff has not, the nominal defendant ought to be allowed to name the time and place to assert it."); *see also Tyler v. DH Cap. Mgmt., Inc.*, 736 F.3d 455, 459 (6th Cir. 2013) ("[A] party is not required to assert a counterclaim where it successfully files a pre-answer motion to dismiss.").

previous case under Rule 12(b)(3) for improper venue before Dematic could answer,[10] so Dematic is "allowed to name the time and place to assert" its own claims.[11]

***B. Claims Based on Tennessee Law.***

Two of Dematic's causes of action arise under Tennessee statutes, and Dematic argues that another Tennessee statute nullifies the contract's choice of Michigan law because the contract concerns the improvement of real property.[12] However, the Western District of Tennessee "assum[ed] without deciding that Tennessee law could even apply to this contract" and found that "[t]he predominant purpose of this contract appears to be for the sale of goods, not 'for the improvement of real property.'"[13] It reached its conclusion based on Dematic's characterization of "the material handling system [Defendants] purchased from Dematic" and evidence that the equipment is detachable.[14] Dematic itself argues that the contract was for services, which include installing systems on the property but also other non-construction services.[15]

As this lawsuit is in the pleading stage without the benefit of discovery, the Court defers its determination about whether some, all, or none of the matters at issue relate to the sale of goods as opposed to the improvement of real property. Accordingly, Defendants' motion to dismiss the Tennessee law claims is denied.

[10] Order Granting Defendant's Rule 12(b)(3) Motion to Dismiss for Improper Venue, *Helen of Troy, L.P. v. Dematic Corp.*, No. 3:25-cv-00111 (W.D. Tex. June 9, 2026), ECF No. 62.
[11] *Lawhorn*, 299 F.2d at 357.
[12] Tenn. Code. Ann. § 66-11-208 ("[A] provision in any contract, subcontract or purchase order for the improvement of real property in this state is void and against public policy if it makes the contract, subcontract or purchase order subject to the substantive laws of another state . . . .").
[13] ECF No. 77 at 7. Dematic dismisses this finding as dicta, but the Tennessee court raised it to decide "the threshold issue[] of whether the Western District of Texas has . . . subject-matter jurisdiction . . . before considering the applicability of the first-to-file rule." *Id.* at 6.
[14] *Id.* at 7.
[15] *See* ECF No. 86 at 6–8. For example, "develop[ing] and provid[ing] training schedule/material," "provid[ing] training to Helen of Troy/Steel Technology personnel," and "provid[ing] standby support after completion of installation of the system." *Id.*

### *C. Helen of Troy as a Proper Party.*

Defendants argue Dematic cannot state a claim against Helen of Troy, L.P., because Helen of Troy is a party to a design agreement but not the contract at issue. Regardless of whether Dematic can ultimately prove Helen of Troy's liability, the complaint must only create a "reasonable inference that the defendant is liable for the misconduct alleged"[16] based on facts construed in the light most favorable to Dematic. Dematic attributes much of the conduct supporting its claims to Helen of Troy and sues Helen of Troy for unjust enrichment rather than breach of contract:

> Under Michigan law, to establish unjust enrichment the plaintiff must show 1) the receipt of a benefit by the defendant from the plaintiff, and 2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant. If the Plaintiff can establish that the defendant has been unjustly or inequitably enriched at its expense, the law will imply a contract to prevent the unjust enrichment.[17]

The parties dispute what evidence a court may properly consider under Rule 12(b)(6), but the complaint itself alleges "that 'Helen of Troy operates through multiple subsidiaries, including Helen of Troy, L.P., . . . on a consolidated basis,'" and that Dematic provided services for Helen of Troy's benefit for which it has not been paid.[18] Construing the facts in the light most favorable to Dematic, the complaint states a viable claim against Helen of Troy, at least at the pleadings stage.

### *D. Constructive Trust and Lien* **Lis Pendens.**

Dematic's claim for a constructive trust is vague, fails to describe which allegations support it, and appears to request a specific form of relief rather than asserting an independent cause of action. The subsequent claim for a lien *lis pendens* is a form of preliminary relief premised on the

[16] *Iqbal*, 556 U.S. at 678.
[17] *Lee v. Cincinnati Cap. Corp.*, 434 F. Supp. 3d 601, 614 (E.D. Mich. 2020) (brackets and citation omitted) (quoting *PCA Mins., LLC v. Merit Energy Co.*, 725 F. App'x 342, 345 (6th Cir. 2018)).
[18] ECF No. 36 at 10.

vague constructive trust claim, and Dematic's other remaining claims would not encumber the property. Nevertheless, at this time, the Court denies any motion to dismiss in this regard and defers its analysis regarding any appropriate remedies pending a determination about whether Dematic can or does prevail on another of its claims.

## III. CONCLUSION.

The Court **DENIES** Defendants' Rule 12(b)(6) motion to dismiss [ECF Nos. 47, 85].

**SO ORDERED**.

**SIGNED** and **ENTERED** on August 18, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**